**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Hector A. RODRIGUEZ, a/k/a Martin Medellin, Defendant–Appellant.**

**No. 01–1098.**

United States Court of Appeals,
Seventh Circuit.

Argued May 18, 2001.

Decided June 1, 2001.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

### ORDER

Hector Rodriguez was convicted, after a jury trial, of robbing one bank (the National City Bank in Osceola, Indiana, on July 6, 2000) and attempting to rob another (the Lake City Bank in Elkhart, Indiana, on July 5, 2000). He appeals only the attempt conviction, arguing that the evidence against him was insufficient. Naturally, that is a tough claim to make. We have called it a "nearly insurmountable hurdle." *United States v. Hickok,* 77 F.3d 992, 1002 (7th Cir.1996) (quoting *United States v. Teague,* 956 F.2d 1427, 1433 (7th Cir.1992)).

Rodriguez, wisely, does not appeal his conviction for robbing the bank in Osceola. As to that robbery, the evidence showed that he drove to the bank in a stolen Oldsmobile. He entered the bank wearing a mask over his face and a pair of gloves on his hands. He was carrying a revolver. After obtaining money from two tellers, things went bad as Rodriguez took four bullets from a security guard. Although shot, Rodriguez made it to his getaway car, drove off while bleeding profusely, and managed to switch back to his own vehicle. Eventually, he lost control of the car, crossed traffic lanes going in the opposite direction, jumped a sidewalk, and collided with a parked pickup truck and a minivan. A motorist at the scene heard him say, "I did a bad thing. I needed money the easy way. I robbed a bank." On top of all this, he confessed the next day to an agent from the FBI.

The evidence supporting the attempt to rob the bank in Elkhart, Indiana, the preceding day was not quite so dramatic, but it was far from insufficient. In fact, had Rodriguez had a watch, or been able to tell time, the robbery would have obviously occurred. The problem was, Rodriguez got to the bank before it was open. He in fact arrived just before the opening bell in the same stolen Oldsmobile that he used the next day to rob the bank in Osceola. After parking the car in its getaway location, Rodriguez went to the front door with a gun and a ski mask over his face. The ski mask, of course, was a somewhat unusual adornment to be worn on the day after the Fourth of July. At the door, Rodriguez found that it was locked, and he shook it in an attempt to force it open and get inside. Tellers saw him at the door, and one said that she was frightened and felt threatened. After not being able to get in, Rodriguez fled the scene in the stolen car. After his arrest following the botched Osceola robbery, Rodriguez confessed to the FBI that his intention in going to the bank in Elkhart the day before was to rob it.

In challenging his conviction on the attempt charge, Rodriguez minimizes the evidence supporting the jury's verdict and focuses instead on what was not shown. That's the wrong way to approach this case.

To sustain a conviction for an attempt to commit a crime, the government must prove that a defendant had the requisite culpable intent and took a substantial step toward the commission of the crime. Generally, *see United States v. Rovetuso,* 768 F.2d 809, 821 (7th Cir.1985), and regarding attempted bank robberies, *see United States v. Schramm,* 715 F.2d 1253, 1254 (7th Cir.1983), relying on and quoting *Rumfelt v. United States,* 445 F.2d 134 (7th Cir.1971).

Here, Rodriguez clearly took steps toward his admitted goal of robbing the Lake City Bank. Once he parked his stolen getaway car, packed his gun, donned his mask, and tried to get into the bank, those steps became substantial. Certainly if he would have gotten into the bank, an armed robbery would have occurred. What he did was more than enough to satisfy the elements of an attempt to commit the crime.

The judgment of the district court is AFFIRMED.